KIRBY AISNER & CURLEY LLP
*Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Dawn Kirby, Esq.
dkirby@kacllp.com
Julie Cvek Curley, Esq.
jcurley@kacllp.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                                        Chapter 7
                                                                                                   Case No. 17-23874 (RDD)
PAMELA SULTANA GOLDSTEIN,

                                            Debtor.
-----------------------------------------------------------X

## STIPULATION AND ORDER BETWEEN DEBTOR AND SPS PROVIDING FOR SHORT NEGOTIATED PAYOFF

This Stipulation of Settlement (this "Stipulation") is made as of this 20th day of June, 2022, by and between Pamela Sultana Goldstein, the above captioned Chapter 7 debtor (the "Debtor"), by her undersigned counsel, and Specialized Loan Servicing as servicing agent for Deutsche Bank National Trust Company, as Trustee for HIS Asset Loan Obligation Trust 2007-1, Mortgage Pass Through Certificates, Series 2007-2 (the "Secured Creditor"), by its undersigned counsel. The Debtor and Secured Creditor are referred to individually herein as a "Party," and collectively herein as the "Parties."

### RECITALS

**WHEREAS**, on December 4, 2017 (the "Petition Date"), the Debtor filed for bankruptcy relief under Chapter 13 of the U.S. Bankruptcy Code, commencing Bankruptcy Case No. 17-23874 (the "Bankruptcy Case") in the U.S. Bankruptcy Court for the Southern District of New York (the

1

"Court"), which was subsequently converted to a Chapter 7 case on March 11, 2020;

**WHEREAS**, on December 4, 2017, the Debtor filed her schedules of assets and liabilities and the statement of financial affairs (the "Schedules", ECF No. 1) as required by § 521 of the Bankruptcy Code;

**WHEREAS**, the Debtor's Schedule A/B listed the Debtor's interest in her primary residence located at 1 Hawthorne Way, Hartsdale, New York 10530 (the "Property"), which Property is subject to a mortgage held by the Secured Creditor by virtue of a Consolidated Mortgage recorded on June 25, 2007 as Control #471660615 of the Public Records of Westchester County, NY, which Consolidated Mortgage secures a Note in the amount of $750,000.00 (the "Mortgage Note");

**WHEREAS**, on the Petition Date, the Debtor was in arrears on payment due to the Secured Creditor under the Mortgage Note;

**WHEREAS**, the Secured Creditor asserts that as of the Petition Date, the amount due under the Secured Creditor is $1,201,651.31 (POC No. 2);

**WHEREAS**, on December 5, 2017, the Debtor filed her Chapter 13 Plan which requested participation in the Court's Loss Mitigation Program (ECF No. 6), which request was granted by Order of this Court dated December 29, 2017 (ECF No. 12);

**WHEREAS**, the Parties have engaged in loss mitigation settlement negotiations concerning the value of the Property and the amount due under the Mortgage Note, and the Parties have agreed to a compromise and settlement to resolve their differences with finality concerning their disputes.

# AGREEMENT

**NOW, THEREFORE**, in consideration of the mutual promises, covenants and agreements set forth in this Stipulation, and based upon the foregoing recitals, which are incorporated herein by reference, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. Specialized Loan Servicing LLC ("SLS") has been authorized by the Secured Creditor to accept a "Short Payoff" in connection with the Property in the amount of $800,000 (the "Short Payoff Amount"), which must be received by SLS on or before June 27, 2022.

2. SLS agrees to provide a Satisfaction of Mortgage, Cancellation of Lis Pendens, and Vacatur of the Judgment of Foreclosure (the "SLS Closing Docs") within a reasonable period of time following receipt of the Short Payoff Amount in the ordinary course of business.

3. The Short Payoff Amount must be remitted as follows:

> *By wire:*
> Bank Name: Wells Fargo Bank
> Bank Address: 420 Montgomery Street San Francisco, CA 94104
> Account Number: 2000042928232
> Bank ABA Number: 121000248
> Account Name: SLS - Wire Clearing
>
> *Or by Overnight mail:*
> Specialized Loan Servicing LLC
> 6200 S. Quebec St. Suite 300
> Greenwood Village, CO 80111

4. Upon failure of SLS to receive the Short Payoff Amount by 5:00 p.m. on June 27, 2022, Loss Mitigation Program in this case will termination and the automatic stay as provided by 11 U.S.C. § 362(a) will be terminated upon submission of the Court's standard form order for these purposes.

5.      This Stipulation embodies the entire agreement and understanding between the Parties hereto with respect to the subject matter hereof and supersedes all prior oral or written agreements and understandings relating to the subject matter hereof.  No statement, representation, warranty, covenant or agreement of any kind not expressly set forth in this Stipulation shall affect, or be used to interpret, change or restrict, the express terms and provisions of this Stipulation.

6.      This Stipulation has been carefully read by the Parties and has been reviewed by the Parties' respective legal counsel, if any; the contents hereof are known and understood by the Parties and each of the Parties acknowledges that such Party is under no duress or undue influence and that each of the Parties executes this Stipulation as its own free and voluntary act.

7.      The terms and provisions of this Stipulation may be modified or amended only by a written agreement executed by all Parties hereto.

8.      All statements, representations, warranties, covenants and agreements in this Stipulation shall be binding on the Parties and shall inure to the benefit of the respective successors and permitted assigns of each Party hereto.  Nothing in this Stipulation shall be construed to create any rights or obligations except among the Parties, and no person or entity shall be regarded as a third-party beneficiary of this Stipulation.

9.      The terms and provisions of this Stipulation may be waived, or consent for the departure therefrom granted, only by a written document executed by the Party entitled to the benefits of such terms or provisions.  No such waiver or consent shall be deemed to be or shall constitute a waiver or consent with respect to any other terms or provisions of this Stipulation. Each such waiver or consent shall be effective only in the specific instance and for the purpose for which it was given, and shall not constitute a continuing waiver or consent.

10. This Stipulation and the rights and obligations of the Parties hereunder shall be construed in accordance with and governed by the law of the State of New York, without giving effect to the conflict of law principles thereof.

11. Bankruptcy Court shall retain exclusive jurisdiction to adjudicate any controversy, dispute or claim arising out of or in connection with this Stipulation, or the breach, termination or validity hereof.

12. Each of the Parties shall bear its own respective attorneys' fees and costs incurred prior to entering into this Stipulation.  In the event that any legal action is taken to enforce this Stipulation or any terms or provisions of this Stipulation, the Parties agree that the prevailing Party shall be entitled to payment of its attorneys' fees, expenses and costs incurred to enforce the terms of this Stipulation.

13. The Parties agree to perform any other or further acts, and execute and deliver any other or further documents, as may be necessary or appropriate to implement this Stipulation. Except as specifically prohibited by any order entered by the Bankruptcy Court, the Debtor may execute any documents necessary to effectuate this Stipulation without further notice or hearing.

14. This Stipulation shall be binding upon each of the Parties, and their respective successors-in-interest, heirs and/or assigns.  All representations and warranties made herein shall survive execution of this Stipulation and shall at all times subsequent to the execution of this Stipulation remain binding and fully enforceable.

15. No failure or delay by a Party in exercising any right, power or remedy under this Stipulation, and no course of dealing between the Parties, shall operate as a waiver of any such right, power or remedy of the Party.  No single or partial exercise of any right, power or remedy under this Stipulation by a Party, nor any abandonment or discontinuance of actions to enforce

any such right, power or remedy, shall preclude such Party from any other or further exercise thereof or the exercise of any other right, power or remedy hereunder. The election of any remedy by a Party shall not constitute a waiver of the right of such Party to pursue other available remedies. No notice to or demand on a Party not expressly required under this Stipulation shall entitle the Party receiving such notice or demand to any other or further notice or demand in similar or other circumstances or constitute a waiver of the rights of the Party giving such notice or demand to any other or further action in any circumstances without such notice or demand.

16. This Stipulation may be executed in one or more counterparts, and by different Parties on separate counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the parties hereto have signed this Stipulation as of the date first above written.

| | |
|---|---|
| KIRBY AISNER & CURLEY LLP<br>*Attorneys for the Debtor*<br>700 Post Road, Suite 237<br>Scarsdale, New York 10583<br>(914) 401-9500 | BONIAL & ASSOCIATES, P.C.<br>*Attorneys for Secured Creditor*<br>12400 Olive Blvd., Ste 555<br>Creve Coeur, MO 63141<br>(314) 744-5680 |
| By: */s/ Julie Cvek Curley*<br>    Julie Cvek Curley, Esq. | By: */s/ Wesley T. Kozney*<br>    Wesley T. Kozney, Esq. |

**SO ORDERED THIS**
**24TH DAY OF JUNE, 2022, there being no objections to the Debtor's motion,**
**on due and sufficient notice, for approval hereof and the record of the**
**hearing held by the Court on such motion on June 24, 2022**

*/s/Robert D. Drain*
HONORABLE ROBERT D. DRAIN
U.S. BANKRUPTCY JUDGE